**S. Moli NGATUVAI, Plaintiff–
Appellant,**

v.

**UNITED STATES DEPARTMENT OF
AGRICULTURE; Nancy L. Smith;
Charles B. Webster, Jr.; State of Ha-
waii, Honolulu City and County Park
and Recreation Department; Ashford
and Wriston; Rosemary T. Fazio; and
Teresa J.A. Quon; Defendants–Appel-
lees.**

No. 98–4073.

United States Court of Appeals,
Tenth Circuit.

Dec. 17, 1998.

Before JOHN C. PORFILIO, KELLY,
and HENRY, Circuit Judges.

ORDER AND JUDGMENT *

S. Moli Ngatuvai, proceeding pro se,
appeals the district court's orders dismiss-
ing his complaint. We conclude that the
district court acted properly and affirm its
decision.[1]

Mr. Ngatuvai
filed his complaint in the District of
Utah in February 1997. His complaint
names as defendants the United States
Department of Agriculture and officials
within that department, the State of Ha-
waii, the Honolulu City and County
Park and Recreation Department, Ash-
ford and Wriston (a law firm), and two
attorneys who worked there, Rosemary
T. Fazio and Teresa J.A. Quon. Al-
though Mr. Ngatuvai's complaint is
somewhat difficult to follow, he appears
to object to the processing of a $50,000
farm loan that he obtained pursuant to
the Agricultural Credit Act of 1987, 12
U.S.C. §§ 2001 et seq., in order to make
lease payments on a farm in Hawaii.
He alleges that after Zion Securities
Corporation, the owner of the farm, ter-
minated the lease and evicted him, the
Farmers Home Administration refused
to allow him to use the loan to finance a
farm in Utah and failed to assist him in
obtaining employment. With regard to
the state of Hawaii, he asserts that its
Koolaupoko court acted improperly in
adjudicating the eviction proceedings
against him because the Zion Securities
Corporation was affiliated with the Mor-
mon church. He adds that the state
improperly failed to lease land to him to
assist him in paying the Farmers Home
Administration loan. According to Mr.
Ngatuvai, the Ashford and Wriston law
firm, Ms. Fazio, and Ms. Quon also act-
ed improperly in representing the farm
owner in the eviction proceedings. Fi-
nally, he asserts that the City and Coun-
ty of Honolulu Park and Recreation De-
partment took coconuts from the farm
that he had leased and refused to give
him tax credits for them. Mr. Ngatuvai
alleges that these actions violated his
First Amendment rights under the free
exercise and establishment clauses, his
Sixth Amendment right to counsel, and
his Fourteenth Amendment rights to
due process and equal protection. He

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

1. After examining the briefs and appellate
record, this panel has determined unanimous-
ly that oral argument would not materially
assist the determination of this appeal. Fed.
R.App. P. 34(a)(2); 10th Cir. R. 34.1.9. The
case is therefore ordered submitted without
oral argument.

further asserts that the defendants violated the constitutional provisions regarding the separation of powers. He seeks to recover compensatory damages.

The defendants filed motions to dismiss Mr. Ngatuvai's complaint. The Department of Agriculture argued that the court lacked jurisdiction over it because Mr. Ngatuvai had failed to establish that the United States had waived its sovereign immunity. It maintained that courts have concluded that farm loan borrowers do not have a constitutional right to farm loan servicing and that federal statutes do not create a private right of action to challenge the servicing of farm loans. See Rec. doc. 15, at 4 (arguing that "as a matter of law the allegations in the Complaint against the [Farmers Home Administration] are, by Congressional mandate, within the exclusive jurisdiction of the administrative decision makers"). The Department of Agriculture also argued that Mr. Ngatuvai's complaint failed to provide it with adequate notice of the allegations and therefore failed to comply with Fed. R.Civ.P. 8.

Similarly, the Ashford and Wriston firm, Ms. Fazio, and Ms. Quon moved to dismiss the complaint for failure to state a claim upon which relief could be granted. These defendants argued that an attorney cannot be held liable for representing a client in good faith and that they had no obligation under the Sixth Amendment to provide Mr. Ngatuvai with counsel in eviction proceedings.

The Honolulu City and County Park and Recreation Department also filed a motion to dismiss the complaint for failure to state a claim. It argued that Mr. Ngatuvai had failed to sufficiently allege that the refusal to grant tax credits for the removal of coconuts deprived him of a property interest protected by the Due Process Clause of the Fourteenth Amendment.

Finally, the State of Hawaii moved to dismiss the complaint on the grounds that it was entitled to Eleventh Amendment immunity. The state also argued that it was entitled to absolute immunity because the challenged acts arose out of the performance of judicial functions.

After Mr. Ngatuvai failed to file timely responses, the district court granted each of these motions. It dismissed without prejudice the claims against the Department of Agriculture, Ashford and Winston, Ms. Fazio, Ms. Quon, and the Honolulu City and County Park and Recreation Department. It dismissed the claims against the State of Hawaii with prejudice. In each of its dismissal orders, the court stated that it had granted the motions on the grounds argued by the defendants in their supporting memoranda.

We review de novo the district court's grant of the defendants' motions to dismiss. Morse v. Regents of the University of Colorado, 154 F.3d 1124, 1126 (10th Cir.1998).

Having considered the arguments set forth in the defendants' memoranda in support of their motions, we conclude that these arguments are supported by the record and the applicable law. The district court acted properly in dismissing the complaint.

Accordingly, the decision of the district court dismissing Mr. Ngatuvai's complaint is AFFIRMED.